IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEON MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.    08 C 0662 |
| v. ) | |
| ) | JUDGE LEFKOW |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO ) | |
| POLICE OFFICER K. E. KUSINSKI, Star No. ) | |
| 8626, and CHICAGO POLICE OFFICER ) | Magistrate Judge Ashman |
| D. M. ECHEVERRIA, Star No. 13921, CHICAGO ) | |
| POLICE OFFICER JULIE JOYCE, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer, defenses, and jury demand to plaintiff's First Amended Complaint, states as follows:

**JURISDICTION and VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**:    The City admits that Plaintiff purports to bring Count I and Count II of his Complaint pursuant to 42 U.S.C. §1983 to redress the alleged deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.  The City denies the remaining allegations contained in Paragraph 1.  Specifically, the City denies that it violated Plaintiff's rights or caused him injury.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER**: The City admits the allegations contained in Paragraph 2.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff resides in this judicial district. The City admits the remaining allegations contained in Paragraph 3.

## PARTIES

4. At all times relevant hereto, Plaintiff DEON MOORE was a 30 year-old, male African-American resident of Chicago, Illinois.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendant Officers were at all relevant times Chicago Police Officers employed by the City of Chicago and acting within the scope of their employment and under color of law.

**ANSWER**: The City admits that, at all times relevant to this Complaint, K. E. Kusinski, D. M. Echeverria and Julie Joyce were employed by the City of Chicago as Police Officers. The City further admits, upon information and belief, based on Chicago Police Department ("CPD") records, that Defendant Officers Kusinski, Echeverria and Joyce were acting under the color of law and within the scope of their employment at all times relevant to the Complaint.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER**: The City admits the allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7. On or about February 3, 2007, Plaintiff was walking to a friend's house to drop off a baby shower invitation near the address of 5119 S. Prairie Ave., Chicago, Illinois 60653.

**ANSWER**: Upon information and belief, based on CPD records, the City admits that, on February 3, 2007, Plaintiff was in the area of 5119 S. Prairie Ave., Chicago, Illinois 60653. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant Officers exited their vehicle with one or more guns drawn, and proceeded to handcuff Plaintiff and place him into their police vehicle.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. One of the Defendant Officers related to Plaintiff that he was going to "hang your black ass", and proceeded to choke Plaintiff.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendant Officers arrested Plaintiff without an arrest warrant, without a search warrant, without exigent circumstances, and without probable cause to believe that Plaintiff was committing or had committed a crime.

**ANSWER**: Upon information and belief, based on CPD records, the City admits that the Defendant Officers arrested Plaintiff without a warrant. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. Defendant Officers then transported Plaintiff to the 2nd District Chicago Police Station where he was falsely charged with possession of a controlled substance - manufacturing/delivery in violation of 720 ILCS 570.0/407-B-2.

**ANSWER**: Upon information and belief, based on CPD records, the City admits that Plaintiff was transported to the 2nd District Police Station of the CPD. The City further admits that Plaintiff was charged with possession of a controlled substance - manufacturing/delivery in violation of 720 ILCS 570.0/407-B-2. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. Plaintiff remained in custody until August 27, 2007, when he was found not guilty following a bench trial before Judge Ricky Jones.

**ANSWER**: Upon information and belief, based on documents from the Circuit Court of Cook County in the case *People v. Moore*, 07-CR-0425702, the City admits that Plaintiff was found not guilty following a bench trail before Judge Ricky Jones on August 27, 2007. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

### Count I - 42 U.S.C. § 1983 False Arrest

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER**: The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

15. On February 3, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER**: Upon information and belief, based on CPD records, the City admits that Plaintiff was arrested without a warrant on February 3, 2007. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law

enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER**:    The City admits that, at all times relevant to this Complaint, Defendant Officers were employed by the CPD.  The City further admits, upon information and belief, based on CPD records, that Defendant Officers were acting under the color of law and within the scope of their employment at all times relevant to this Complaint.  The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER**:    The City denies the allegations contained in Paragraph 17.

18.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.   As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b.   As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c.   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer [*sic*] of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER**: The City denies the allegations contained in Paragraph 18, including subparagraphs (a) through (h).

19. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19.

**Count II - 42 U.S.C. § 1983 Unlawful Search**

20. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER**: The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

21. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER**:   Upon information and belief, based on CPD records, the City admits that a custodial search was performed on Plaintiff on February 3, 2007.  The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and State of Illinois.

**ANSWER**:   The City denies the allegations contained in Paragraph 22.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.   As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b.   As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c.   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e.   The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

  g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer [*sic*] of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER**: The City denies the allegations contained in Paragraph 23, including subparagraphs (a) through (h).

  24. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24.

## Count III - Malicious Prosecution

  25. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER**: The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

  26. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for the above-stated crime.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26.

27.   Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER**:   The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27.

28.   Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER**:   The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28.

29.   On August 27, 2007, Plaintiff was found not guilty by Judge Ricky Jones.

**ANSWER**:   Upon information and belief, based on documents from the Circuit Court of Cook County in the case *People v. Moore*, 07-CR-0425702, the City admits that Plaintiff was found not guilty on August 27, 2007, by Judge Ricky Jones.

30.   As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER**:   The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30.

## Count IV - False Imprisonment

31.   Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER**:   The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

32.   Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under Title 28, United States Code § 1367.

**ANSWER**:   The City admits the allegations contained in Paragraph 32.

33.     On February 3, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER**:    Upon information and belief, based on CPD records, the City admits that Plaintiff was arrested without a warrant on February 3, 2007. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

34.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER**:    The City denies the allegations contained in Paragraph 34 to the extent that they pertain to the City. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

**ANSWER**:    The City denies the allegations contained in Paragraph 35 to the extent that they pertain to the City. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

### Count V - Intentional Infliction of Emotional Distress

36.     Plaintiff re-alleges paragraphs 1 through 13 as if fully re pleaded herein.

**ANSWER**:    The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

37.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under Title 28, United States Code § 1367.

**ANSWER**:    The City admits the allegations contained in Paragraph 37.

38.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that

there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER**:   The City denies the allegations contained in Paragraph 38 to the extent that they pertain to the City.   The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39.   As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER**:   The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39.

### Count VI - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

40.   Plaintiff re-alleges paragraphs 1 through 13 as if fully re-pleaded herein.

**ANSWER**:   The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

41.   Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER**:   The City states that the allegations in Paragraph 41 are a vague, incomplete and/or inaccurate statement of Illinois statutory and common law regarding municipal indemnification and, therefore, the allegations in this paragraph are denied.

42.   At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER**:   The City admits that, at all times relevant to this Complaint, the Defendant Officers

were employed by the CPD. The City further admits, upon information and belief, based on CPD records, that Defendant Officers were acting within the scope of their employment at all times relevant to this Complaint. The City denies the allegation that it is "liable as principal for all torts committed by its agents, Defendant Officers," because the allegation is a vague, incomplete and/or inaccurate statement of Illinois statutory and common law regarding municipal indemnification. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph 42.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on plaintiff's First Amended Complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. *See Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).

2. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201 (2006).

4.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

5.      If the Defendant Officers are found not liable to Plaintiff on any of his state claims, the City is not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

6.      As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1976) (citation omitted).

7.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See People v. City of Rolling Meadows*, 167 Ill.2d 41 (1995). In addition, at the time of the actions alleged in Plaintiff's First Amended Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

8.      Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

**JURY DEMAND**

Defendant City of Chicago requests a trial by jury.

                                              Respectfully submitted,

                                              MARA S. GEORGES,
                                              CORPORATION COUNSEL
                                              CITY OF CHICAGO

                            By:     */s/ Kathleen D. Manion*
                                              KATHLEEN D. MANION
                                              Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866 Office
Attorney No. 6286785