UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEON MOORE, ) | |
| ) | |
|      Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 08 C 662 |
| CITY OF CHICAGO, ILLINOIS, and ) | |
| CHICAGO POLICE OFFICER ) | Judge Lefkow |
| K. E. KUSINSKI, Star No. 8626, ) | |
| CHICAGO POLICE OFFICER ) | |
| D. M. ECHEVERRIA, Star No. 13921, ) | |
| ) | |
|      Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Daniel Echeverria and Kevin Kusinski, by their attorney, Alec M. McAusland, Senior Asst. Corporation Counsel, make the following answer, affirmative defenses and jury demand response to plaintiff's complaint.

### JURISDICTION and VENUE

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Echeverria and Kuskinski admit this is an action brought under 42 U.S.C. section 1983, and deny they violated plaintiff's rights under the Constitution.

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Echeverria and Kuskinski admit this court has jurisdiction of this matter.

3.  Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Echeverria and Kuskinski admit venue is proper in this district.

## PARTIES

4. At all times relevant hereto, Plaintiff DEON MOORE was a 20 year-old male African-American resident of Chicago, Illinois.

**ANSWER:** Echeverria and Kuskinski admit, on information and belief, the allegations of paragraph 4.

5. Defendant Officers were at all relevant times Chicago Police Officers employed by the City of Chicago and acting within the scope of their employment and under the color of law.

**ANSWER:** Echeverria and Kuskinski admit the allegations of paragraph 5.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Echeverria and Kuskinski admit the allegations of paragraph 6.

## FACTUAL ALLEGATIONS

7. On or about February 3, 2007, Plaintiff was walking to a friend's house to drop off a baby shower invitation near the address of 5119 S. Prairie Ave., Chicago, Illinois 60653.

**ANSWER:** Echeverria and Kuskinski admit that plaintiff was at 5107 South Prairie Avenue when they encountered him on the date alleged. Echeverria and Kuskinski deny that plaintiff was walking to a friend's house to drop off an invitation to a baby shower.

8. At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 8.

9. Defendant Officers exited their vehicle with one or more guns drawn, and proceeded to handcuff Plaintiff and place him into their police vehicle.

**ANSWER:** Echeverria and Kuskinski admit the allegations of paragraph 9.

10. One of the Defendant Officers related to Plaintiff that he was going to "hang your black ass", and proceeded to choke Plaintiff.

**ANSWER:**    Echeverria and Kuskinski deny the allegations of paragraph 10.

11.    Defendant Officers arrested Plaintiff without an arrest warrant, without a search warrant, without exigent circumstances, and without probable cause to believe that Plaintiff was committing or had committed a crime.

**ANSWER:**    Echeverria and Kuskinski admit they arrested plaintiff without an arrest warrant, a search warrant or exigent circumstances.  Echeverria and Kuskinski they lacked probable cause to arrest plaintiff.

12.    Defendant Officers then transported Plaintiff to the 2nd District Chicago Police Station where he was falsely charged with possession of a controlled substance -manufacturing/deliveryin violation of 720 ILCS 570.0/407-B-2.

**ANSWER:**    Echeverria and Kuskinski deny that the charges against plaintiff were false. Echeverria and Kuskinski admit the remaining allegations of paragraph 12.

13.    Plaintiff remained in custody until August 27, 2007, when he was found not guilty following a bench trial before Judge Ricky Jones.

**ANSWER:**    Echeverria and Kuskinski admit the allegations of paragraph 13.

**Count 1-42 U.S.C. S 1983 False Arrest**

14.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    Echeverria and Kuskinski reallege their answers to paragraphs 1-13 as their answer to paragraph 14.

15.    On or about February 3, 2007, Plaintiff was seized and arrested without a warrant. and without probable cause.  This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Echeverria and Kuskinski admit plaintiff was arrested without a warrant. Echeverria and Kuskinski deny the remaining allegations of paragraph 15.

16.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Echeverria and Kuskinski deny the allegations of paragraph 16.

17.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:**    Echeverria and Kuskinski deny the allegations of paragraph 17.

18.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's

       career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Echeverria and Kuskinski, on information and belief, deny the allegations of paragraph 18.

19. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 19.

WHEREFORE, Echeverria and Kuskinski respectfully pray that this Honorable Court enter judgment in their favor on Count I, with fees and costs, and with such other relief as this Honorable Court deems just.

### Count II - 42 U.S.C. § 1983 Unlawful Search

20. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Echeverria and Kuskinski reallege their answers to paragraphs 1-13 as their answer to paragraph 20.

21. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Echeverria and Kuskinski admit they searched plaintiff's person without a search warrant. Echeverria and Kuskinski deny the remaining allegations of paragraph 21.

22. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 22.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed

      "unsustained"; and,

  h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    Echeverria and Kuskinski deny, on information and belief, the allegations of paragraph 23.

24.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**    Echeverria and Kuskinski deny the allegations of paragraph 24.

WHEREFORE, Echeverria and Kuskinski respectfully pray that this Honorable Court enter judgment in their favor on Count II, with fees and costs, and with such other relief as this Honorable Court deems just.

### Count III - Malicious Prosecution

25.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    Echeverria and Kuskinski reallege their answers to paragraphs 1-13 as their answer to paragraph 25.

26.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for the above-stated crime.

**ANSWER:**    Echeverria and Kuskinski deny they knowingly or intentionally made false statements in police reports, or that they caused false testimony to be presented to a Cook County judge, or that their conduct was false and malicious. Echeverria and Kuskinski admit the remaining allegations of paragraph 26.

27.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 27.

28. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 28.

29. On August 27, 2007 Plaintiff was found not guilty by Judge Ricky Jones.

**ANSWER:** Echeverria and Kuskinski admit, on information and belief, the allegations of paragraph 29.

30. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 30.

WHEREFORE, Echeverria and Kuskinski respectfully pray that this Honorable Court enter judgment in their favor on Count III, with fees and costs, and with such other relief as this Honorable Court deems just.

### Count 1V - False Imprisonment

31. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Echeverria and Kuskinski reallege their answers to paragraphs 1-13 as their answer to paragraph 31.

32. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Echeverria and Kuskinski admit the jurisdictional allegations of paragraph 32.

33. On February 3, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

8

**ANSWER:** Echeverria and Kuskinski admit plaintiff was seized and detained without a warrant. Echeverria and Kuskinski deny the remaining allegations of paragraph 33.

34. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 34.

35. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff s constitutional rights and would cause harm to the Plaintiff

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 35.

WHEREFORE, Echeverria and Kuskinski respectfully pray that this Honorable Court enter judgment in their favor on Count IV, with fees and costs, and with such other relief as this Honorable Court deems just.

### Count V - Intentional Infliction of Emotional Distress

36. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Echeverria and Kuskinski reallege their answers to paragraphs 1-13 as their answer to paragraph 36.

37. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Echeverria and Kuskinski admit the jurisdictional allegations of paragraph 37.

38. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Echeverria and Kuskinski deny the allegations of paragraph 38.

39. As a direct and proximate result of this illegal and malicious conduct, Plaintiff

suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**   Echeverria and Kuskinski deny the allegations of paragraph 39.

WHEREFORE, Echeverria and Kuskinski respectfully pray that this Honorable Court enter judgment in their favor on Count V, with fees and costs, and with such other relief as this Honorable Court deems just.

### Count VI - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

40.   Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**   Echeverria and Kuskinski reallege their answers to paragraphs 1-13 as their answer to paragraph 40.

41.   Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**   Echeverria and Kuskinski admit, that within the confines of Illinois law, the City is obligated to pay compensatory damages against them.

42.   At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**   Echeverria and Kuskinski admit the allegations of paragraph 42.

### AFFIRMATIVE DEFENSES

1.   At all times during the events alleged in Plaintiff's complaint, a reasonable police officer in the position of Echeverria and Kuskinski could have believed that his conduct was objectively reasonable and within constitutional limits that were clearly established at the time.

Thus, Echeverria and Kuskinski are entitled to qualified immunity for their actions.

2. Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton. Id. at § 2-202. Echeverria and Kuskinski's complained of actions were not wilful or wanton.

## JURY DEMAND

Echeverria and Kuskinski respectfully demand this case be tried by jury.

Respectfully submitted,

/s/ Alec M. McAusland
ALEC M. McAUSLAND
Senior Asst. Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-4038
(312) 744-6566 (Fax)
Atty. No. 06202724